**UNITED STATES DISTRICT COURT**
**EASERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Riva Mavlyanova,<br><br>　　　　　　　Plaintiff,<br><br>　　-against-<br><br>Equifax Information Services, LLC,<br>Trans Union, LLC,<br>Experian Information Solutions, Inc., and<br>M&T Bank Corporation,<br><br>　　　　　　　Defendant(s). | Case No.: 1:26-cv-1754<br><br><br>**COMPLAINT AND DEMAND FOR<br>JURY TRIAL** |

Plaintiff Riva Mavlyanova, by and through counsel, as for this Complaint against

Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions,

Inc. ("Experian"), Trans Union, LLC ("Trans Union"), (Equifax, Experian and Trans Union,

each a "Bureau" and collectively "Bureaus"), and M&T Bank Corporation ("M&T Bank" or

"Furnisher") respectfully sets forth, complains, and alleges, upon information and belief, the

following:

1.　　　　Plaintiff brings this action for damages arising from each Defendant's violations

of 15 U.S.C. § 1681 *et seq.*, the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2.　　　　The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 15

U.S.C. § 1681p *et seq.*

3.　　　　Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a

substantial part of the events or omissions giving rise to the claim occurred here, the Plaintiff

resides here, and the Defendants transact business here.

**PARTIES**

4.    Plaintiff is a resident of the State of New York, County of Queens.

5.    At all times material hereto, Plaintiff was a "consumer" as defined under 15 U.S.C. § 1681a (c).

6.    Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

7.    Equifax is a Georgia corporation registered to do business in this State.

8.    Equifax may be served with process c/o Corporation Service Company, 80 State Street, Albany, NY 12207.

9.    Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

10.    At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

11.    Defendant Trans Union, LLC, is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

12.    Defendant Trans Union is a Delaware corporation registered to do business in this State.

13.    Trans Union may be served with process c/o Prentice-Hall Corporation System, 80 State Street, Albany, NY 12207.

14.    At all times material hereto, Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information

concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681a(p) to third parties.

15. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

16.

17. Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C. § 1681a (f) and conducts substantial and regular business activities in this judicial district.

18. Experian is a Delaware corporation registered to do business in this State.

19. Experian may be served with process c/o CT Corporation System, 28 Liberty Street, New York, NY 10005.

20. Experian is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers to third parties for the purpose of furnishing consumer reports, as defined under 15 U.S.C. § 1681a (p).

21. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

22. Defendant M&T Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2.

23. M&T Bank may be served with process at c/o The corporation at One M&T Plaza, Buffalo, NY 14203.

## FACTUAL ALLEGATIONS

24. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

25.     Plaintiff opened an auto loan account with M&T Bank, account number ending in …0001 ("Account").

26.     The Account was secured by a vehicle that was subsequently totaled in an accident. Plaintiff's primary insurance covered only part of the total loss.

27.     Plaintiff purchased GAP insurance at the time of the vehicle purchase to cover any remaining loan balance. M&T Bank approved and verified that this GAP insurance policy was sufficient to cover the loan balance.

28.     After the total loss, the GAP insurer refused to pay the remaining balance, citing that it was not legally authorized to issue contracts after 2017 and directing Plaintiff to seek a refund from the dealership or state authorities.

29.     Because M&T Bank approved and verified Plaintiff's GAP insurance policy, it had a duty to ensure that the policy was valid and sufficient to cover the remaining loan balance. By approving and verifying the policy, M&T Bank represented that the Account would be protected from unpaid balances in the event of a total loss. The subsequent refusal of the GAP insurer to pay—due to the insurer's lack of legal authority to issue the policy after 2017—does not relieve M&T Bank of its responsibility. M&T Bank's continued reporting of the Account as delinquent, without correcting the balance or investigating the circumstances, constitutes the reporting of inaccurate information under the FCRA, as the alleged debt arises from M&T Bank's failure to ensure the insurance it approved was legally valid and enforceable.

30.     As a result, M&T Bank has reported an outstanding balance on the Account that is inaccurate and directly attributable to its verification and approval of the GAP insurance.

31.     Plaintiff contacted M&T Bank regarding this inaccuracy, but M&T Bank refused to correct the Account.

32.     M&T Bank continues to report the Account as past due, and the Bureaus have published this inaccurate information to third parties, including creditors and lenders.

33.     Plaintiff's credit reports now reflect a delinquent balance that is false and misleading.

Violations

34.     In or about April 2024, Plaintiff disputed the Account information with the Bureau's, providing documentation including the original loan contract, the GAP insurance policy, and the email correspondence from the GAP insurer denying coverage.

35.     Plaintiff explained that M&T Bank approved and verified the GAP insurance policy and that any deficiency was the result of M&T Bank's actions, not Plaintiff's failure to pay.

36.     Each Bureau is required to notify furnishers of disputes. Upon information and belief, they did so, but M&T Bank failed to conduct a reasonable investigation and continued to report false information and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

37.     Had M&T Bank conducted a reasonable investigation it would have been revealed to Furnisher that the account is inaccurate.

38.     Each Bureau also failed to conduct a reasonable investigation, did not request or receive documentation from M&T Bank, and continued to report inaccurate information.

39.     A reasonable investigation by each Bureau would have revealed that the account was not being reported correctly.

40.     A reasonable investigation by each Defendant would have revealed that the Account is being incorrectly reported.

41.     Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, each Defendant did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report.

43.     Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and failing to delete or correct the disputed trade line within 30 days of receiving Plaintiff's Dispute.

44.     Each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

45.     Furnisher's actions described herein violated 15 U.S.C. 1681s-2 (b).

46.     Notwithstanding Plaintiff's efforts, each Defendant continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

47.     Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline continued to be inaccurate and materially misleading.

48.     Each Defendant knew or had reason to know the information was inaccurate.

49.      Each Defendant was in possession of the documentation of the inaccuracies of the Account provided by Plaintiff yet persisted in reporting it anyway.

50.      Upon information and belief, each Bureau did not even request documentation from Furnisher during its investigations of Plaintiff's Dispute(s).

51.      Upon information and belief, Furnisher did not send any documentation to each Bureau during its investigations of Plaintiff's Dispute(s).

52.      None of the Defendants contacted Plaintiff during its investigation of Plaintiff's Dispute.

53.      On information and belief, on a date better known to each Bureau, it prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to the Account.

54.      The information furnished by Furnisher and published by each Bureau improperly, falsely, and inaccurately characterizes Plaintiff's account information.

55.      Each Bureau reported this improper and inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they disseminated to various persons and credit grantors, both known and unknown.

56.      Had each Bureau enacted and followed reasonable procedures to assure maximum possible accuracy of the information on Plaintiff's credit report, the negative account information would not have appeared on Plaintiff's credit report.

57.      Furnisher continued to furnish credit data which is inaccurate and materially misleading, and each Bureau's reporting of the above-referenced tradeline continued to be inaccurate and materially misleading.

Damages

58.     As a result of each Defendants' failure to comply with the FCRA, Plaintiff has been damaged.

59.     Each Defendant's erroneous reporting continued to affect Plaintiff's reputation, creditworthiness, and credit score.

60.     Plaintiff suffered damage to her reputation as it falsely appears as if she was delinquent on the Account.

61.     This false information was published to numerous third parties.

62.     This negative information reflected poorly upon Plaintiff and is incompatible with the proper exercise of Plaintiff's lawful financial affairs.

63.     Plaintiff has, inter alia, suffered damage by loss of time and money in trying to rectify each Defendant's willful and negligent actions, loss of credit, loss of ability to purchase and benefit from credit, reputational harm, decreased credit score, a chilling effect on applications for credit, difficulty with sleep, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial and having others see the false credit information.

64.     Plaintiff was also unable to partake of funding opportunities due to the Defendants actions.

65.     Plaintiff was emotionally distraught.

66.     Plaintiff had trouble with sleep.

67.     After disputing the Account, Plaintiff was attempting to secure credit.

68.     Due in whole or in part to each Defendant's actions, Plaintiff was unable to secure the necessary credit.

69.     When Plaintiff attempted to apply for credit cards from Wells Fargo and Citizens Bank, she was denied, due to her credit report from each Bureau.

70.     When Plaintiff applied for a car loan from Mercedes financial and through Credit Acceptance, she was denied, because of her poor credit, which includes the Account.

### FIRSTCAUSE OF ACTION
### (Violations of the FCRA as to each Bureau)

71.     Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

72.     This is an action for willful and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

73.     Each Bureau violated 15 U.S.C. § 1681e (b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that each Bureau maintained or furnished concerning the Plaintiff.

74.     Each Bureau violated 15 U.S.C. § 1681i (a) by failing to conduct a reasonable investigation and delete the disputed tradeline within 30 days of receiving Plaintiff's Dispute(s) and by failing to maintain reasonable procedures with which to verify the disputed information in Plaintiff's credit file.

75.     Alternatively, upon information and belief, each Bureau violated 15 U.S.C. § 1681i (a)(2)(A) by failing to provide notice of the Dispute to Furnisher or, in the alternative, if each Bureau did comply with Section 1681i (a)(2)(A) then it failed to comply with Section 1681i (a)(2)(B) by failing to provide Plaintiff all relevant information received from Furnisher.

76.     Each Bureau has willfully and recklessly failed to comply with the Act.

77.     In the alternative, each Bureau has negligently failed to comply with the Act.

78.     The failure of each Bureau to comply with the Act includes but is not necessarily limited to the following:

   a.  The failure to enact and follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   c.  The failure to promptly and adequately investigate information which each Bureau had notice was inaccurate;

   d.  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff, which was demonstrated with documentation that the information was inaccurate;

   e.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised each Bureau to delete;

   f.  The failure to take adequate steps to verify information each Bureau had reason to believe was inaccurate before including it in the credit report of the consumer; and

   g.  The failure to provide notice of a dispute to the furnisher or, in the alternative, the failure to provide Plaintiff all relevant information received from the furnisher in response to a dispute.

79.     As a result of the conduct, action, and inaction of each Bureau, Plaintiff suffered damage as described above.

80.     The conduct, action and inaction of each Bureau was willful and/or negligent rendering each Bureau liable for actual, statutory and punitive damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. §§ 1681n-1681o.

81.      Plaintiff is entitled to recover reasonable costs and attorney's fees from each Bureau in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

82.      WHEREFORE, Plaintiff demands judgment against each Bureau for damages together with attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n-1681o.

**SECOND CAUSE OF ACTION**
**(Violation of the FCRA as to Furnisher)**

83.      Plaintiff incorporates the allegations above the First Cause of Action as if set forth here.

84.      This is an action for will and/or negligent violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

85.      Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

86.      Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff.

87.      The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

88.      The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to any other agencies which were supplied such information.

89.      Furnisher violated 15 U.S.C. § 1681s-2 (b) as described above, including, but not limited to, failing to fully and properly investigate the dispute(s) of the Plaintiff, failing to review

all relevant information regarding same, and failing to correctly report results of an accurate investigation to the credit reporting agencies.

90.    As a result of the conduct, action, and inaction of Furnisher, Plaintiff suffered damage as described above.

91.    The conduct, action, and inaction of Furnisher was willful and/or negligent, rendering it liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §§ 1681n-1681o.

92.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Furnisher in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n-1681o.

93.    WHEREFORE, Plaintiff demands judgment for damages together with attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n-1681o.

## DEMAND FOR TRIAL BY JURY

94.    Plaintiff demands a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o (a) be awarded for each negligent violation as alleged herein;

b) For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c) For statutory damages provided and pursuant to 15 U.S.C. § 1681n (a);

d)  For statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e) For punitive damages provided and pursuant to 15 U.S.C. § 1681n (a)(2);

f) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n (a)(3), 15 U.S.C. § 1681o (a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  March 24, 2026

Respectfully submitted,

*s/ Uri Horowitz*
Uri Horowitz, Esq.
Horowitz Law, PLLC
144-41 70th Road
Flushing, NY 11367
(718) 705-8706
Uri@horowitzlawpllc.com

*Attorneys for Plaintiff*